ROACH (CONOVER v.). See Case No. 3,125.
ROACH (HATHAWAY v.). See Case No. 6,-213.

## Case No. 11,874.

### ROACH v. HULINGS et al.

[5 Cranch, C. C. 637.] [1]

Circuit Court, District of Columbia. March Term, 1840.

PRACTICE IN EQUITY — BILL NOT SIGNED—TAKING OFF FILES — EQUITY—INJUNCTION TO STAY EXECUTION.

1. A bill in equity, filed without being signed by the plaintiff or his counsel, will be ordered to be taken off the files, because it cannot be received under the 16th rule of this court.

2. When taken off, it may be signed by counsel, and be made the ground of a motion for a new injunction.

3. If a judgment at law has been obtained by surprise, or without the knowledge of the defendant or his counsel, in a case in which the defendant had taken a bill of exceptions, and intended to prosecute a writ of error to the supreme court of the United States, and to obtain a supersedeas, this court will, upon a proper appeal-bond, and injunction-bond, being given, stay the execution, by injunction.

Bill in equity to stay execution on a judgment at law, obtained, it was said, by surprise, in a case where the judgment rendered without the actual knowledge of the defendant, or his counsel, in a case in which the defendant had taken a bill of exceptions, and intended to prosecute a writ of error to the supreme court of the United States; and to obtain a supersedeas, after the expiration of the ten days allowed by law. The bill states that the defendant W. Hulings obtained a judgment at law against the complainant [James Roach] as administrator of Philip Roach, and that, at the trial, the now complainant took bills of exception to certain opinions of the court, with intent to prosecute a writ of error, and to supersede the judgment when it should be finally rendered. That after the verdict for the plain-

tiff at law, the cause was referred to an auditor, to ascertain the proportion of assets to which the plaintiff was entitled, under the testamentary law of Maryland, who reported, and to whose report, the then defendant filed certain exceptions, some of which he understood, were allowed by the court, and he supposed the cause would be remanded to the auditor; but judgment was entered by the clerk; of which judgment, neither this complainant, nor his counsel, had any information, until more than ten days after its rendition, and after the end of the term; so that he lost his legal right to supersede that judgment. That the plaintiff at law resides in Pennsylvania, and is insolvent, as the complainant believes, so that if he should satisfy the judgment, and it should be reversed, he would be unable to recover the money. It, therefore, prays that upon filing an approved appeal-bond, and injunction-bond, the execution upon the judgment at law, may be staid by injunction, until the further order of the court. This bill, although sworn to by the complainant, was not signed by him or his counsel. Upon application to CRANCH, Chief Judge, in vacation, he ordered the injunction on the 10th of March, 1840, without noticing the want of signature.

Mr. Bradley and Mr. Smith now moved the court to order the bill to be taken off the files, because it was not signed by the complainant, according to the 16th rule of this court, which is in these words: "16. Ordered, that every bill, petition, or answer, in equity; and every other petition presented by an attorney or solicitor, in this court; be signed by such attorney or solicitor before it shall be received." 2 Madd. Ch. Prac. 167; French v. Dear, 5 Ves. 547.

R. J. Brent, contra, for complainant.

Under the 5th rule of the chancery practice, the complainant has a right to amend his bill. It is a bill, although not signed, and may be amended. The 16th rule of practice of this court requires the bill to be signed by counsel, in all cases. This rule is repugnant to the 35th section of the judiciary act of 1789 [1 Stat. 92], which enacts, "that, in all the courts of the United States, the parties may plead and manage their own causes personally," but this rule requires them in all cases to employ counsel. By the 17th section, the court can make no rule repugnant to the laws of the United States, and by the 32d section, the court "may at any time permit either of the parties to amend any defect in the process of pleadings," and no judgment, or other proceedings in civil causes, in any of the courts of the United States, shall be reversed "for any defect or want of form."

THE COURT (THRUSTON, Circuit Judge, absent) ordered the bill to be taken from the files, because it could not be received under the 16th rule of this court, it not being signed, either by the complainant or his solicitor.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

The bill being taken off the files, and signed by the counsel, Mr. R. J. Brent presented it again to the court, and moved the court to reinstate the injunction, and contended, indeed, that the amendment did not dissolve the injunction which had been granted by the judge, in vacation. Read v. Consequa [Case No. 11,606].

THE COURT said they would receive it now as a motion for an injunction de novo.

R. J. Brent contended for three grounds of injunction, namely, accident, by which the complainant lost his legal right to supersede the judgment; the non-residence of the defendant; and his supposed insolvency; and cited 1 Madd. Ch. Prac. 50; Barbour & Harrington, p. 26, § 1; Hodgson v. Marine Ins. Co., 7 Cranch [11 U. S.] 332; 2 Eq. Dig. 63, 64, § 29, 451, 471, § 53; Crawford v. McDonald, 2 Hen. & M. 191.

Mr. Bradley and Mr. Smith, contra, cited 2 Eq. Dig. 65, § 43; 3 Eq. Dig. 468, § 30; Dodge v. Strong, 2 Johns. Ch. 230; 2 Story, Eq. Jur. 180–182.

The case was argued again by Mr. Brent, for complainant, and by Mr. Bradley, for defendant.

THE COURT made the following order: "The within bill having been filed, together with an approved injunction-bond, and also an approved appeal-bond, conditioned to prosecute with effect the complainant's writ of error in the within bill mentioned. It is ordered by the court, that the injunction shall issue as prayed."

[NOTE. The judgment at law obtained by the defendant in this court was affirmed by the supreme court in error. 16 Pet. (41 U. S.) 319.]